# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Case No. 17-CR-00276-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTHONY LEE SMITH,

Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
## FOR ORDER OF DETENTION

---

This matter was before the court for detention hearing on October 20, 2017. The court has taken judicial notice of the court's file and the pretrial services memorandum dated October 19, 2017. The defendant is not contesting detention. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any

other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Memorandum dated October 19, 2017 and the entire court file.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that the defendant has been charged in the Indictment with Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1).

Second, I find that probable cause exists that the defendant committed the charged offense based upon the Indictment.

Third, I find that on September 22, 2014, the defendant was sentenced in Jefferson County District Court, Case Number 14CR1471, to three (3) years Colorado Department of Corrections, one hundred eleven (111) days credit for time served, subsequent to his conviction for felony Possession of a Weapon by a Previous Offender – Burglary/Arson/Forgery. He was also sentenced to sixty (60) days jail, credit for time served, and sixty (60) days probation, subsequent to his conviction for misdemeanor 3rd Degree Assault – Know/Reckless Cause Injury. This sentence is to run consecutive to Jefferson County District Court, Case Number 11CR3041, and Denver County District Court, Case Number 11CR10272.

On February 23, 2012, the defendant was sentenced in Jefferson County District Court, Case Number 11CR3041, to four (4) years Colorado Department of Corrections, subsequent to his conviction for felony Identification Theft – Uses Information to Obtain. This sentence is to run concurrent to Jefferson County District Court, Case Number 3382.

On November 17, 2011, the defendant was sentenced in Denver County District Court, Case Number 11CR10272, to eighteen (18) months Colorado Department of Corrections, thirty-four (34) days credit for time served, and three (3) years mandatory parole, subsequent to his conviction for felony Escape – Attempt From Felony Conviction. This sentence is to run consecutive to Jefferson County District Court, Case Number 07CR3382.

On March 31, 2008, the defendant was sentenced in Jefferson County District Court, Case Number 07CR3382, to six (6) years Colorado Department of Corrections, subsequent to his conviction for felony Possession of Burglary Tools.
It should be noted that the defendant has a pending felony charge for Escape From Felony Conviction in Denver County District Court, Case Number 17CR10379.

The defendant's estimated mandatory release date is August 2, 2018.

I further find, by a preponderance of evidence, that there is no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

Done this 20th day of October 2017.

BY THE COURT

S/Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge